Case 4:19-cv-02948   Document 20   Filed on 12/26/19 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
December 26, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARY GOODEN, <br>     *Plaintiff*, <br><br> v. <br><br> L. KELLER MACKIE, BRANDON WOLF, MICHAEL W. ZIENTZ, LESLIE N. MANN, FOR MACKIE WOLF ZIENTZ & MANN, P.C. AS DEBT COLLECTORS; TIMOTHY O'BRIEN FOR SELECT PORTFOLIO SERVICING, INC. AS DEBT COLLECTORS; ANDREW CECERE FOR U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR CERTIFICATEHOLDERS OF BEAR STEARNS ASSET-BACKED CERTIFICATES, SERIES 2006-AC5; GREG ABBOT, IN ONE'S CAPACITY AS GOVERNOR OF TEXAS; KEN PAXTON, IN ONE'S CAPACITY AS ATTORNEY GENERAL OF TEXAS/ALIEN PROPERTY CUSTODIAN; ALL JOHN & JANE DOE'S (1-99) AS INTERESTED PARTIES/ CUSTODIANS/NOMINEE(S) AND/OR SUCCESSORS AND ASSIGNS, <br>     *Defendants*. | CIVIL ACTION NO. 4:19-CV-02948 |

## MEMORANDUM AND RECOMMENDATION

Defendants Select Portfolio Servicing, Inc. ("SPS") and U.S. Bank National Association as Trustee for Bear Stearns Asset-Backed Securities I Trust 2006-AC5 ("U.S. Bank") removed this case to federal court from the 157th Judicial District for Harris County, Texas on August 8, 2019.[1]  Dkt. 1.  Having reviewed the Notice of Removal by SPS and Trustee (collectively, the "Removing Defendants"), the pleadings, and the law, the Court concludes that the Removing

---

[1] On October 7, 2019, Chief District Court Judge Lee H. Rosenthal referred this case to Magistrate Judge Christina A. Bryan pursuant to 28 U.S.C. § 636(b)(1)(A) and (B).  Dkt. 15.

1

Defendants have not met their burden to show the existence of federal diversity jurisdiction and recommends that the case be **REMANDED** to the 157th Judicial District for Harris County, Texas.

### I. Background

This case involves claims arising from the foreclosure of Plaintiff's residential mortgage. Dkt. 9 ¶ 1. Plaintiff, acting *pro se*, commenced this action by filing the "Amended Original Petition and Application for Restraining Order and Temporary Injunction" in the 157th Judicial District for Harris County. Dkt. 1-5. Plaintiff's Amended Original Petition alleges claims for breach of trust, breach of fiduciary duty, "clogging Plaintiff's right to Equitable Redemption," undue influence, fraud by bad faith, and "separating the collateral from the mortgage." *Id*. at 3. The only facts set forth in the Complaint are as follows:

> Plaintiff[] specifically deposited collateral with Defendants with the intent and purpose of holding said asset in a trust in the event [that] a breach or default occurs in the future, Defendant could sell Plaintiff's asset to cover the cost of liability of Plaintiff. Defendant has sold Plaintiff's asset, and has not corrected the accounting to reflect the sale and securitization of Plaintiff's asset. Plaintiff's equitable right of redemption has been clogged and substantive rights have been violently trampled on and knowingly ignored due to deceptive practices and undue influence. Equity comes to the aid of the legally disabled and therefore Plaintiff was not fully availed of the remedy available due to lack of full disclosure and the constructive trust created in which equity was owed and not applied thus a breach of the agreed specific performances of Defendant's fiduciary [duties]. Injunctive relief is necessary and proper and in the best interest of the Public and the Beneficiary. When the rules at law and the rule of equity conflict, the rules of equity shall prevail.

*Id*. at 2.

Plaintiff's Complaint appears to allege the same causes of action against each Defendant and fails to identify the Defendants' relevance to her suit. However, the attachments to her Complaint indicate that Plaintiff obtained a residential mortgage which was assigned to Bear Stearns Asset-Backed Securities I Trust 2006-AC5, of which U.S. Bank was the Trustee. *Id*. A post-removal motion to dismiss by L. Keller Mackie, Brandon Wolf, Michael W. Zientz, and

Leslie N. Mann ("Mackie Defendants") indicates that the Mackie Defendants are members of the law firm that represented SPS and U.S. Bank during eviction proceedings brought against Plaintiff. Dkt. 5. No filing to date identifies the role played by Timothy O'Brien, Andrew Cecere, Governor Greg Abbot, or Attorney General Ken Paxton in the foreclosure.

## II. Removal Based on Diversity Jurisdiction

The Removing Defendants removed this case to federal court pursuant to 28 U.S.C. §1441(b), alleging federal diversity jurisdiction under 28 U.S.C. § 1332(a). Diversity jurisdiction requires that (1) the amount in controversy exceed $75,000, and (2) the controversy be between citizens of different states, meaning the citizenship of all persons on one side of the controversy differ from that of all persons on the other side. 28 U.S.C. § 1332(a); *Bynane v. Bank of N.Y. Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 355-56 (5th Cir. 2017) (citations omitted). The removing party bears the burden of establishing federal jurisdiction, and any jurisdictional ambiguities are construed in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921-22 (5th Cir. 1997).

The citizenship of some Defendants, as alleged by Removing Defendants, does not differ from the citizenship of Plaintiff:

| Party | Citizenship |
|---|---|
| Plaintiff Mary Gooden | Texas |
| Mackie Defendants | Texas |
| Defendant Abbot | Texas |
| Defendant Paxton | Texas |
| Defendant SPS | Utah |
| Defendant U.S. Bank | Ohio |
| Defendant Timothy O'Brien | Utah |
| Defendant Andrew Cecere | "Not a Texas resident" |

3

However, the Removing Defendants argue that the non-diverse Texas Defendants (Governor Abbot, Attorney General Paxton, and the Mackie Defendants) were improperly joined and, therefore, their citizenship should not be considered for purposes of diversity jurisdiction. Dkt. 1, 19.

Improper joinder is a narrow exception to the requirement of complete diversity which allows federal courts to disregard the citizenship of improperly joined, non-diverse defendants and dismiss them from the case. *Yarco Trading Co., Inc. v. United Fire & Cas. Co.*, 397 F. Supp. 3d 939, 943 (S.D. Tex. 2019) (citing *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016)); *Amaya v. AVT Title Services, LLC*, 18-CV-86-KC, 2018 WL 2802736, at *1 (W.D. Tex. Apr. 27, 2018). Improper joinder exists either where (1) there is "actual fraud in the plaintiff's pleading of jurisdictional facts" or (2) the removing defendant demonstrates that the plaintiff cannot establish a cause of action against a non-diverse defendant. *Soin v. JPMorgan Chase Bank*, Civil Action No. H-12-2766, 2012 WL 6018746, at *1 (S.D. Tex. Nov. 29, 2012) (citing *Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009) (citations omitted)). Here, the Removing Defendants contend the Texas Defendants were improperly joined because Plaintiff cannot establish a cause of action against them. Dkt. 1 ¶ 12. The Removing Defendants bear a "heavy burden of persuasion" in establishing improper joinder, and "[a]ny doubt about the propriety of removal must be resolved in favor of remand." *Soin*, 2012 WL 6018746, at *2 (quoting *Gasch v. Hartford Acc. & Indem. Co*., 491 F.3d 278, 281-82 (5th Cir. 2007)).

**III.    Improper Joinder Analysis**

A.  *The Removing Defendants have failed to demonstrate improper joinder.*

The Fifth Circuit "articulated its standard for improper joinder . . . in *Smallwood v Illinois Central Railroad Co*." *Flagg v. Stryker Corp*. 819 F. 3d 132, 136 (5th Cir. 2016). "[T]he test for

4

improper joinder 'is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant.'" *Id*. (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)).  In deciding improper joinder, the Court should conduct a Rule 12(b)(6)-type analysis of the claims against the non-diverse defendants to determine whether the complaint states a claim against them.  *Id*.  "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id*.

The improper joinder doctrine is intended to identify the improper joinder of non-diverse parties, not meritless claims.  When the same showing demonstrates the plaintiff cannot state a claim against a non-diverse defendant and also cannot demonstrate a claim against any defendant, "there is no improper joinder; there is only a lawsuit lacking in merit." *Smallwood v. Ill. Cen. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004).  "In such cases, it makes little sense to single out the in-state defendants as 'sham' defendants and call their joinder improper." *Id*.  Therefore, as the Fifth Circuit held in *Smallwood,* where the defense asserted to establish improper joinder applies uniformly to all defendants and would dismiss the suit as a whole, the non-diverse defendants were no more improperly joined than the diverse defendants.  *Id*. at 574-75; *McDonal v. Abbott Laboratories*, 408 F.3d 177, 184 (5th Cir. 2005).  Such a showing is more properly characterized as an attack on the merits of the claim, rather than an inquiry into the correctness of joinder of the non-diverse parties.  *Amaya*, 2018 WL 2802736, at *2 (quoting *McDonal*, 408 F.3d 177 at 183).

In their Notice of Removal (Dkt. 1), the Removing Defendants contend the non-diverse Texas Defendants (the Mackie Defendants, Governor Abbot, and Attorney General Paxton) and two diverse defendants (Timothy O'Brien for SPS and Andrew Cecere for U.S. Bank), are all improperly joined parties. Dkt. 1 ¶ 8.  The Removing Defendants contend these five Defendants are improperly joined because "[f]rom the face of the complaint, it is evident that Plaintiff has not

stated or even attempted to state a cause of action against the Improper Parties." *Id*. ¶ 9.  The Removing Defendants contend that the Complaint contains no factual allegations against these "improper parties" other than naming them in the Complaint and listing the words "breach of trust, breach of fiduciary duty, clogging plaintiff's right to equitable redemption, undue influence, fraud by bad faith, and separating the collateral from the mortgage." *Id*. ¶¶ 12-13.

When responding to the Court's Show Cause Order (Dkt. 17), the Removing Defendants separately addressed the improper joinder of each of the Texas Defendants.  Dkt. 19 at 3-4.  As to the Mackie Defendants, the Removing Defendants contend, "Under the standards applicable to a motion to dismiss, Plaintiff has included no factual allegations in her Complaint against [the Mackie] Defendants that could potentially give rise to a legally viable cause of action, therefore [they] were improperly joined." *Id*. at 3.  The Removing Defendants also incorporate by reference the Mackie Defendants' Motion to Dismiss based on attorney immunity (Dkt. 5).  With respect to Governor Abbot and Attorney General Paxton, the Removing Defendants argue that Plaintiff's Complaint is devoid of "any intelligible reference to [a] relationship or any allegations that could potentially give rise to a legally viable claim against [them]." *Id*. at 3.

The Removing Defendants also argue that Plaintiff has failed to allege any facts giving rise to legally cognizable claims against *any* Defendant.  *Id*. at 3-4.  Specifically, the Removing Defendants contend that "there are no factual allegations in the Complaint linking Mr. Cecere to the subject loan or to any factual allegations by Plaintiff." *Id*. at 3.  As to Timothy O'Brien, the Removing Defendants cite to his Motion for Judgment on the Pleadings (Dkt. 12), which is essentially identical to the Motion for Judgment on the Pleadings filed by the Removing Defendants.  *Id*.

6

Under Fifth Circuit precedent set forth in *Smallwood,* the Removing Defendants have alleged a meritless lawsuit as opposed to improper joinder of the non-diverse Texas Defendants. The allegations of improper joinder rest on "a showing that there is no reasonable basis for predicting that state law would allow [Plaintiff to recover against the non-diverse defendants,] and that showing is equally dispositive of [the claims against] all defendants." *Smallwood*, 385 F.3d at 576. "As long as the asserted defense applies uniformly to all defendants and dismisses the suit as a whole, the resident defendants were no more improperly joined than the non-resident defendants." *McDonal*, 408 F.3d at 183. Here, the asserted defense that "all claims against all defendants are frivolous and fail based on the pleadings," (Dkt. 19 at 4) applies equally to all Defendants, not just to the Texas Defendants. Thus, the Removing Defendants' improper joinder allegation amounts to an allegation that Plaintiff's case is ill-founded as to *all* Defendants and is "more properly an attack on the merits of the claim, rather than an inquiry into the propriety of the joinder of the local party." *Id*. at 183.

The Removing Defendants have failed to meet their burden to establish improper joinder of the Texas Defendants. Because the Removing Defendants have failed to demonstrate that the Texas Defendants were improperly joined, their Texas citizenship precludes the complete diversity required for diversity jurisdiction. Therefore, this Court lacks original subject matter jurisdiction over the case, and it should be remanded to state court.

> B. *The Removing Defendants' argument that the Mackie Defendants are immune from suit also fails to establish improper joinder under Fifth Circuit case law.*

When responding to the Court's Show Cause Order, the Removing Defendants cited to the Mackie Defendants' Motion to Dismiss based on attorney immunity (Dkt. 5) as an additional basis for establishing their improper joinder. Dkt. 19 at 3. However, the Removing Defendant's

assertion of the Mackie Defendants' attorney immunity defense does not support a finding of improper joinder.

Texas law immunizes attorneys from civil liability to non-clients "for actions taken in connection with representing a client in litigation . . . ." *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015). The party invoking the affirmative defense of attorney immunity bears the burden of "conclusively establish[ing] that their alleged conduct was within the scope of their legal representation of a client." *Amaya*, 2018 WL 2802736, at *3 (quoting *Santiago v. Mackie Wolf Zientz & Mann, P.C.*, No. 05-16-00394-CV, 2017 WL 944027, at *3 (Tex. App. Mar. 10, 2017)). Notably, "[a]ttorney immunity should be granted at the motion to dismiss stage *only* when 'the scope of the attorney's representation . . . [is] apparent on the face of the complaint.'" *Id.* (emphasis added) (quoting *Kelly v. Nichamoff*, 868 F.3d 371, 375 (5th Cir. 2017)).

The scope of the Mackie Defendants' legal representation is not "apparent on the face of the complaint," since the Complaint does not even identify the Mackie Defendants as attorneys who represented the Removing Defendants in the eviction or foreclosure proceedings. *See Kelly v. Nichamoff*, 868 F.3d 371, 375 (5th Cir. 2017). At this stage of the proceedings, the Mackie Defendants' entitlement to the affirmative defense of attorney immunity has not been established. Therefore, the Court cannot definitively say the attorney immunity defense precludes all possibility of recovery against the Mackie Defendants. *See Amaya*, 2018 WL 2802736, at *3 (reasoning that it would be "speculative, and, therefore, inappropriate to conclude that [the attorney-defendant] is improperly joined based on the affirmative defense of attorney immunity" where an attorney-defendant has yet to meet its burden of conclusively establishing that the alleged conduct was within the scope of legal representation of a client).

Furthermore, Plaintiff's Complaint includes allegations of fraud against all Defendants. Presuming the fraud allegation is true, fraud presents a basis for liability of the Mackie Defendants that would not be foreclosed by the affirmative defense of attorney immunity. *See JJJJ Walker, LLC v. Yollick*, 447 S.W.3d 453, 468 (Tex. App. 2014) ("[I]t is well established that an attorney can be held liable for his own fraudulent conduct even though it was performed on a client's behalf.").

The possibility that Plaintiff's claims against the Mackie Defendants could survive the affirmative defense of attorney immunity precludes a finding that the Mackie Defendants were improperly joined, and the case must be remanded to state court. *See Soin*, 2012 WL 6018749, at *2.

## IV. Conclusion

For these reasons, the Court **RECOMMENDS** that Plaintiff's case against all Defendants be **REMANDED** to the state court from which it was removed.

The Clerk of the Court shall send copies of the Memorandum and Recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

*Christina A. Bryan*
_____
Christina A. Bryan
United States Magistrate Judge

9