United States District Court
Southern District of Texas
**ENTERED**
January 23, 2020
David J. Bradley, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| MARY GOODEN, | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| L. KELLER MACKIE, BRANDON WOLF, | § | |
| MICHAEL W. ZIENTZ, LESLIE N. MANN, | § | |
| FOR MACKIE WOLF ZIENTZ & MANN, P.C. | § | |
| AS DEBT COLLECTORS; TIMOTHY | § | |
| O'BRIEN FOR SELECT PORTFOLIO | § | |
| SERVICING, INC. AS DEBT COLLECTORS; | § | CIVIL ACTION NO. 4:19-CV-02948 |
| ANDREW CECERE FOR U.S. BANK | § | |
| NATIONAL ASSOCIATION AS TRUSTEE FOR | § | |
| CERTIFICATEHOLDERS OF BEAR | § | |
| STEARNS ASSET-BACKED CERTIFICATES, | § | |
| SERIES 2006-AC5; GREG ABBOT, IN | § | |
| ONE'S CAPACITY AS GOVERNOR OF TEXAS; | § | |
| KEN PAXTON, IN ONE'S CAPACITY AS | § | |
| ATTORNEY GENERAL OF TEXAS/ALIEN | § | |
| PROPERTY CUSTODIAN; ALL JOHN & JANE | § | |
| DOE'S (1-99) AS INTERESTED PARTIES/ | § | |
| CUSTODIANS/NOMINEE(S) AND/OR | § | |
| SUCCESSORS AND ASSIGNS, | § | |
|    *Defendants*. | § | |

### MEMORANDUM AND RECOMMENDATION

After review of Objections (Dkt. 21) to the Memorandum and Recommendation (Dkt. 20) dated December 26, 2019, the Court vacated the Recommendation and replaces it with this Memorandum and Recommendation.  Dkt. 22.

Defendants Select Portfolio Servicing, Inc. ("SPS") and U.S. Bank National Association as Trustee for Bear Stearns Asset-Backed Securities I Trust 2006-AC5 ("U.S. Bank") removed this case to federal court from the 157th Judicial District for Harris County, Texas on August 8,

2019.[1]  Dkt. 1.  Before the Court are Defendants L. Keller Mackie, Brandon Wolf, Michael W. Zientz, and Leslie N. Mann's (collectively the "Mackie Defendants") Motion to Dismiss (Dkt. 5); Defendant Timothy O'Brien's Motion to Dismiss (Dkt. 12); Defendants SPS and U.S. Bank's (collectively the "Removing Defendants") Motion for Judgment on the Pleadings (Dkt. 9) and Plaintiff's Response (Dkt. 14).  Having reviewed the Notice of Removal by the Removing Defendants, the pleadings, the parties' fillings, and the law, the Court **RECOMMENDS** that Texas Governor Greg Abbot, Texas Attorney General Ken Paxton, Andrew Cecere, and the Mackie Defendants be **DISMISSED** as improperly joined parties.  It is further **RECOMMENDED** that the Mackie Defendants' Motion to Dismiss (Dkt. 5) be **DENIED AS MOOT**.  It is further **RECOMMENDED** that Defendant Timothy O'Brien's Motion to Dismiss (Dkt. 12) and the Removing Defendants' Motion for Judgment on the Pleadings (Dkt. 9) be **GRANTED**.

## I.  Background

This case involves claims arising from the foreclosure of Plaintiff's residential mortgage. Dkt. 9 ¶ 1.  Plaintiff, acting *pro se*, commenced this action by filing the "Amended Original Petition and Application for Restraining Order and Temporary Injunction" (the "Complaint") in the 157th Judicial District for Harris County.  Dkt. 1-5.  Plaintiff's Complaint alleges claims for breach of trust, breach of fiduciary duty, "clogging Plaintiff's right to Equitable Redemption," undue influence, fraud by bad faith, and "separating the collateral from the mortgage."  *Id*. at 3.  The only facts set forth in the Complaint are as follows:

> Plaintiff's specifically deposited collateral with Defendants with the intent and purpose of holding said asset in a trust in the event of a breach or default occurs in the future, Defendant could sell Plaintiff's asset to cover the cost of liability of Plaintiff.  Defendant has sold Plaintiff's asset, and has not corrected the accounting

---

[1] On October 7, 2019, Chief District Court Judge Lee H. Rosenthal referred this case to Magistrate Judge Christina A. Bryan pursuant to 28 U.S.C. § 636(b)(1)(A) and (B).  Dkt. 15.

> to reflect the sale and securitization of Plaintiff's asset. Plaintiff's equitable right of redemption has been clogged and substantive rights have been violently trampled on and knowingly ignored due to deceptive practices and undue influence. Equity comes to the aid of the legally disabled and therefore Plaintiff was not fully availed of the remedy available due to lack of full disclosure and the constructive trust created in which equity was owed and not applied thus a breach of the agreed specific performances of Defendant's fiduciary duty(ies). Injunctive relief is necessary and proper and in the best interest of the Public and the Beneficiary. When the rules at law and the rule of equity conflict, the rules of equity shall prevail.

*Id*. at 2. Plaintiff's Complaint appears to bring the same causes of action against each Defendant, but completely fails to provide any facts describing each Defendant's connection to or role in the events or conduct that form the basis of her suit.

The Removing Defendants removed this case to federal court pursuant to 28 U.S.C. §1441(b), alleging federal diversity jurisdiction under 28 U.S.C. § 1332(a). Dkt. 1. Diversity jurisdiction requires both that (1) the amount in controversy exceed $75,000, and (2) the controversy be between citizens of different states, meaning the citizenship of all persons on one side of the controversy differ from that of all persons on the other side. 28 U.S.C. § 1332(a); *Bynane v. Bank of N.Y. Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 355-56 (5th Cir. 2017) (citations omitted). In their Notice of Removal, the Removing Defendants alleged an amount in controversy greater than $75,000 and identified Plaintiff as a citizen of Texas, SPS as a citizen of Utah, and U.S. Bank as a citizen of Ohio. Dkt. 1 ¶¶ 5-7, 16-21. The Notice of Removal did not specify the citizenship of the remaining Defendants but alleged they were improperly joined. *Id.* 1 ¶ 8. The Court entered a Show Cause Order requiring the Removing Defendants to specify the citizenship of each Defendant. Dkt. 17. In response to the Show Cause Order, the Removing Defendants provided the following allegations of citizenship:

| Party | Citizenship |
|---|---|
| Plaintiff Mary Gooden | Texas |
| All Mackie Defendants | Texas |
| Defendant Governor Abbot | Texas |
| Defendant Attorney General Paxton | Texas |
| Defendant SPS | Utah |
| Defendant U.S. Bank | Ohio |
| Defendant Timothy O'Brien | Utah |
| Defendant Andrew Cecere | Upon information and belief, "not a resident of Texas." |

Dkt. 19 at 2-3.  Like the Notice of Removal, the Response to the Show Cause Order contends that all Defendants other than the Removing Defendants were improperly joined and that improper joinder of the Texas resident Defendants (or a Defendant whose citizenship is unknown) does not defeat federal diversity jurisdiction.  Dkt. 19.  Plaintiff failed to file a motion to remand, but the Court has a duty to raise the issue of subject matter jurisdiction *sua sponte*.  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (citations omitted).

The jurisdictional analysis requires the Court to determine whether the Texas resident Defendants (Governor Abbot, Attorney General Paxton, and the Mackie Defendants) and Andrew Cecere, whose citizenship is unknown, were improperly joined and should be dismissed from the lawsuit.[2]  As explained below, the Court finds these Defendants were improperly joined and recommends their dismissal.  The remaining Defendants (the Removing Defendants and Timothy O'Brien) are not Texas citizens.  Therefore, complete diversity among the remaining parties exists and subject matter jurisdiction arises under 28 U.S.C. § 1332(a).  Because the Court finds the

---

[2] The Removing Defendants contend Governor Abbot, Attorney General Paxton, the Mackie Defendants, and Andrew Cecere were all improperly joined because Plaintiff cannot establish a cause of action against them.  Dkt. 1 ¶ 12. Because "[a] claim of improper joinder by definition is directed toward the joinder of the in-state part[ies,]" the Court considers the improper joinder and dismissal of the Texas Defendants and Andrew Cecere, whose state of residence is unknown and will be assumed to be not diverse from Plaintiff.  Smallwood v. Ill. Cent. R.R. Co., 385 F.3d at 574.

existence of subject matter jurisdiction, it considers the Removing Defendants' Motion for

Judgment on the Pleadings (Dkt. 9) and Timothy O'Brian's Motion to Dismiss (Dkt. 12) and

recommends those Motions be granted.

## II.  Improper Joinder Analysis.

"The improper joinder doctrine is a narrow exception to the rule of complete diversity."

*McDonal v. Abbot Labs.*, 408 F.3d 177, 183 (5th Cir. 2005).  A finding of improper joinder allows

federal courts to disregard the citizenship of improperly joined, in-state defendants and dismiss

them from the case.  *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016).  Improper joinder

exists either where (1) there is "actual fraud in the plaintiff's pleading of jurisdictional facts" or

(2) the removing defendant demonstrates that the plaintiff cannot establish a cause of action against

an in-state defendant.  *Soin v. JPMorgan Chase Bank*, Civil Action No. H-12-2766, 2012 WL

6018746, at *1 (S.D. Tex. Nov. 29, 2012) (citing *Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575

F.3d 510, 513 (5th Cir. 2009) (quotations omitted)).  The Removing Defendants make no

allegation of fraud regarding jurisdictional facts, so the appropriate inquiry in this case is whether

Plaintiff has alleged sufficient facts to support any claims against the in-state Defendants.  *See*

*Centaurus GF Cove, LLC v. Lexington Ins. Co.*, Civil Action No. H-10-836, 2010 WL 2710390,

at *2 (S.D. Tex. July 7, 2010).  The Removing Defendants bear the heavy burden of demonstrating

improper joinder.  *McDonal v. Abbott Labs.*, 408 F.3d at 183 (quotations omitted).

The Fifth Circuit has set forth the following standard for improper joinder:

> [T]he test for fraudulent joinder is whether the defendant has demonstrated that
> there is no possibility of recovery by the plaintiff against an in-state defendant,
> which stated differently means that there is no reasonable basis for the district court
> to predict that the plaintiff might be able to recover against an in-state defendant.

*Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (adopting this phrasing of the

proof required to establish improper joinder).  A Rule 12(b)(6) inquiry is the preferred method of

assessing improper joinder in this circuit.  *Centaurus GF Cove, LLC v. Lexington Ins. Co.*, 2010 WL 2710390, at *2 (citations omitted).  However, as part of an improper joinder analysis, the Court may, in its discretion, pierce the pleadings and conduct a summary judgment-type inquiry. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d at 573-74.

The Rule 12(b)(6) inquiry for improper joinder analyzes whether a complaint includes sufficient factual allegations "to state a claim to relief [against the in-state defendant] that is plausible on its face."  *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).  A complaint containing only labels, conclusions, and formulaic recitations of elements of causes of action fails to meet the Rule 12(b)(6) standard.  *Jamarillo v. City of McAllen, Texas*, 306 Fed. App'x 140, 143 (5th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555).  If Plaintiff's Complaint fails to meet the Rule 12(b)(6) requirement with respect to her claims against an in-state Defendant, that Defendant is deemed improperly joined, disregarded for purposes of diversity jurisdiction, and may be dismissed from the suit.  *See Flagg v. Stryker Corp.*, 819 F.3d at 141 ("[I]f the plaintiff improperly joins a non-diverse defendant, then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant.").

### A. Governor Abbot and Attorney General Paxton are improperly joined because Plaintiff has failed to plead a plausible claim against them.

Plaintiff's Complaint alleges a litany of what appear to be causes of action but provides absolutely no factual allegations establishing any connection between the causes of action and the

Texas Governor or Attorney General.  Dkt. 1-5.  From a review of the attachments to her Complaint, it appears that Plaintiff obtained a residential mortgage from SPS that was sold to an entity for which U.S. Bank served as Trustee, she was evicted from the mortgaged property, and the property was sold in foreclosure.  *Id.*  Because nothing in the Complaint or the attachments can be construed to allege any involvement in these events by Governor Abbot or Attorney General Paxton, Plaintiff has failed to allege a plausible claim for relief against them.  Plaintiff's suit against the Governor and Attorney General clearly cannot survive a Rule 12(b)(6) analysis.  *See Centaurus GF Cove, LLC v. Lexington Ins. Co.*, 2010 WL 2710390, at *2 ("Under the Rule 12(b)(6)-type inquiry, 'a complaint requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'") (citing *Jamarillo v. City of McAllen, Texas*, 306 Fed. App'x. at 143 (quotations omitted)).

Plaintiff's failure to allege any facts showing misconduct of Governor Abbot or Attorney General Paxton, or even connecting them to the events she complains of, makes them improperly joined.  *See Vasquez v. Bank of America, N.A.*, Civil Action No. B-17-42, 2017 WL 1683675, at *3 (S.D. Tex. Apr. 5, 2017), *adopted by Vasquez v. Bank of America, N.A.*, Civil No. B-18-042, 2017 WL 1650263 (S.D. Tex. May 1, 2017) ("There are no facts alleged against any of the [allegedly improper] defendants that would tend to show any misconduct on their part.  For that reason, each of these defendants are improperly joined.").  Therefore, Governor Abbot and Attorney General Paxton should be dismissed from the case as improperly joined.  *See Flagg v. Stryker Corp.*, 819 F.3d at 136.

### B. Andrew Cecere is improperly joined because Plaintiff has failed to plead a plausible claim against him.

According to the Removing Defendants' information and belief, Andrew Cecere is the CEO of U.S. Bancorp.  Dkt. 19 at 3.  Plaintiff has failed to allege any conduct by Andrew Cecere

individually or any connection between him and her residential mortgage, eviction, or foreclosure. Nothing in the Complaint, other than including "Andrew Cecere for U.S. Bank" in the style of the case links him to the events at issue in the lawsuit.  Plaintiff's suit against Andrew Cecere cannot survive a Rule 12(b)(6) analysis and he is deemed improperly joined.  *See  Centaurus GF Cove, LLC v. Lexington Ins. Co.*, 2010 WL 2710390, at *2; *see also Vasquez v. Bank of America, N.A.*, 2017 WL 1683675, at *3, *adopted by Vasquez v. Bank of America, N.A.*, Civil No. B-18-042, 2017 WL 1650263 (S.D. Tex. May 1, 2017).   Accordingly, Defendant Andrew Cecere should be dismissed from the case.  *See Flagg v. Stryker Corp.*, 819 F.3d at 136.

### C.  The Mackie Defendants are improperly joined because Plaintiff has failed to plead a plausible claim against them, and any plausible claim would be barred by attorney immunity.

Plaintiff sued the individual Mackie Defendants "for Mackie, Wolf, Zientz & Mann, P.C. as Debt Collectors" but pleaded no facts addressing either the law firm's or the individual Mackie Defendants' involvement in the events giving rise to her claims.  Dkt. 1-5 at 1. As with Governor Abbot, Attorney General Paxton, and Andrew Cecere, Plaintiff has failed to allege any plausible claim for relief against the law firm or the individual attorneys whose names appear in the law firm's name.  Her claims against the law firm and the individuals cannot survive a Rule 12(b)(6) analysis, making them improperly joined parties. *See Vasquez v. Bank of America, N.A.*, 2017 WL 1683675, at *3, *adopted by Vasquez v. Bank of America, N.A.*, Civil No. B-18-042, 2017 WL 1650263 (S.D. Tex. May 1, 2017).

Even if Plaintiff had pleaded facts connecting the law firm or the individual attorneys to the events giving rise to Plaintiff's claims, any plausible claim she could allege against them would be barred by attorney immunity.  The only conceivable connection between Plaintiff and the

Mackie Defendants is the Mackie Defendants' role as legal counsel for the Removing Defendants.[3] Under Texas law, the doctrine of attorney immunity protects legal counsel from civil liability to non-clients for all actions within the scope of legal representation. *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015). Attorneys are immune even from suits for wrongful conduct, as long as the conduct at issue requires the "office, professional training, skill, and authority of an attorney. *Id.* (quotations omitted). Furthermore, the immunity applies to all legal representation and is not limited to conduct occurring during litigation. *Troice v. Greenberg Traurig, LLP*, 921 F.3d 501, 506 (5th Cir. 2019) (explaining "legal representation" for purposes of attorney immunity is not limited to conduct during litigation but contemplates a comprehensive scope of conduct deemed legal representation) (citing *Youngkin v. Hines*, 546 S.W.3d 675, 682 (Tex. 2018)). Thus, even if Plaintiff had included in her Complaint facts alleging fraudulent or wrongful conduct by the Mackie Defendants during their representation of the Removing Defendants, the Mackie Defendants would be immune from a suit based on that conduct. *See Smith v. Bank of America Corp.*, A-13-CV-0193-LY-ML, 2016 WL 29641, at *6 (W.D. Tex. Jan. 4, 2016). In sum, Plaintiff cannot demonstrate a plausible basis for recovery under state law against the Mackie Defendants and they are improperly joined parties that should be dismissed. *See Vasquez v. Bank of America, N.A.*, 2017 WL 1683675, at *3, *adopted by Vasquez v. Bank of America, N.A.*, Civil No. B-18-042, 2017 WL 1650263 (S.D. Tex. May 1, 2017).

---

[3] Public records in an eviction suit recorded with the Justice of the Peace Court, Precinct 3 Place 1, for Harris County, Texas, reveal that Mackie, Wolf, Zientz & Mann, P.C. represented the Removing Defendants in the residential eviction proceeding against Plaintiff. U.S. Bank National Association, as Trustee for Bear Stearns Asset Backed Securities I Trust 2006-AC5, Asset Backed Certificates, Series 2006-AC5 v. Mary Gooden and All Occupants of 1139 Stevenage Lane, Channelview, TX 77530, Cause No. 193100258320 (J.P. Ct. Precinct 3, Place 1, Harris Co., Tex. 2019); Dkt. 5 at 3. The individual Mackie Defendants are named partners of Mackie, Wolf, Zientz & Mann, P.C. Dkt. 5 at 3. Consideration of these records is consistent with the 12(b)(6)-type analysis used to determine whether an in-state party has been improperly joined. *See* Flagg v. Stryker Corp., 819 F.3d at 136 n.16 (finding consideration of public records to be "entirely consistent with *Smallwood's* authorization to conduct a 'Rule 12(b)(6)-type analysis' . . . .").

**D.** ***Smallwood's* common defense rule is inapplicable because the basis for finding the in-state Defendants improperly joined does not *equally* dispose of the claims against *all* Defendants.**

The Fifth Circuit established in *Smallwood* that, where the same defense applies uniformly to defeat claims against all defendants, the defense demonstrates a meritless suit rather than improper joinder. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d at 574-75. In such cases, the in-state defendants are not improperly joined, and remand for lack of diversity jurisdiction is proper. *Id.* Because the Removing Defendants have met their heavy burden to demonstrate that Plaintiffs' claims against the in-state Defendants do not survive a Rule 12(b)(6)-type analysis, *Smallwood* requires the court to consider whether the same defenses that demonstrate improper joinder of the in-state Defendants would equally dispose of the claims against all Defendants. *See McDonal v. Abbott Labs.*, 408 F.3d at 184 ("The lesson of *Smallwood* is simply that there is no improper joinder when the [showing that there is no plausible basis for recovery] . . . against the in-state defendant, necessarily compels the same result for the nonresident defendant . . . ."); *Centaurus GF Cove, LLC v. Lexington Ins. Co.*, 2010 WL 2710390, at *3 ("If the plaintiff has failed to state a valid claim against [the in-state defendants], then the court must apply the 'common defense' rule to determine whether the insufficiency likewise disposes of all defendants.").

The Mackie Defendants' attorney immunity defense does not apply uniformly to bar claims against all Defendants. Further, Plaintiff's failure to plead facts sufficient to support a plausible claim against the in-state Defendants does not equally require dismissal of those claims against all Defendants because each Defendant has differing degrees of connection to the events of which Plaintiff complains. For example, the Court can imagine no plausible claim for relief the Plaintiff could allege against the Governor and Attorney General of Texas arising out of the mortgage, eviction, and foreclosure. Meanwhile, although Plaintiff has failed to plead sufficient facts to

survive a Rule 12(b)(6) challenge to her claims against them, the Mackie Defendants are linked to the challenged events through their role as legal counsel for the Removing Defendants.  Yet, the doctrine of attorney immunity bars recovery against the Mackie Defendants by Plaintiff, a non-client.  Finally, as discussed below, the Removing Defendants, as mortgagee and trustee, certainly have a connection to the allegations in Plaintiff's Complaint even though she also has failed to state a claim against them. In short, Plaintiff's failure to satisfy the requirements of Rule 12(b)(6) with respect to each Defendant does not *equally, and on the same basis,* dispose of the claims against all Defendants.  Due to the differing degrees of connection between Plaintiff, the events that form the basis of her suit, and the various Defendants, no common defense or lack of factual pleading *equally* disposes of the claims against *all* Defendants.  *See Centaurus GF Cove, LLC v. Lexington Ins. Co.*, 2010 WL 2710390, at *3 ("In the present case, [the plaintiff] alleges that the defendants breached their contractual obligations, but [only one defendant had a contract with the plaintiff].  Thus, [the defendants'] defense does not equally dispose of all the plaintiff's claims against the remaining defendants and the principle in *Smallwood* is, therefore, inapplicable.") (citations omitted).  The finding of improper joinder of the in-state Defendants stands, *Smallwood* does not apply, and remand is not required.

### III.   The Removing Defendants' Rule 12(c) Motion for Judgment on the Pleadings

The Removing Defendants filed a Motion for Judgment on the Pleadings in which they argue that "Plaintiff's Complaint states no facts that could support a legally viable claim, pleading amendments would be futile, and all claims asserted by Plaintiff should be dismissed."  Dkt. 9 ¶ 3.  Plaintiff filed a Response which is largely nonsensical.  Dkt. 14.

**A.  Rule 12(c) analysis of Plaintiff's claims against the Removing Defendants**

Federal Rule of Civil Procedure 12(c) provides that, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  FED. R. CIV. P. 12(c).  The legal standards governing a Rule 12(c) motion are the same as those governing a Rule 12(b)(6) motion to dismiss.  *Chauvin v. State Farm Fire & Cas. Co.*, 495 F.3d 232, 237 (5th Cir. 2007).  Generally, the Court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) or Rule 12(c) motion.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000).  However, the court may take judicial notice of public documents, and may also consider documents a defendant attaches to its motion to dismiss if the documents are referenced in the plaintiff's complaint and central to the plaintiffs' claims.  *Id.*; *Norris v. Hearst Tr.,* 500 F.3d 454, 461 n.9 (5th Cir. 2007).  In reviewing a motion to dismiss, this Court accepts all well-pleaded facts as true, and views them in the light most favorable to the plaintiff.  *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quotations omitted)).  However, the Court does not apply the same presumption to conclusory statements or legal conclusions.  *Ashcroft v. Iqbal*, 556 U.S. at 678-79.

a.  *Breach of Fiduciary Duty and Breach of Trust*

The Removing Defendants argue not only that Plaintiff failed to allege any facts that could support a breach of fiduciary duty claim, but that the claim must fail as a matter of law because no fiduciary relationship between these parties exists as a matter of law.  Dkt. 9 ¶¶ 7-8.  In response, Plaintiff alleges that, "As expressly stated in Defendants allegations, Plaintiff is the 'Grantor' and 'Maker' of a Note as collateral to US BANK, does that not make US BANK a Trustee for

Plaintiff?"  Dkt. 14 ¶ 7.  In addition, Plaintiff claims SPS is a "self described servicer" responsible for "managing another's property . . . which is quite frankly, a fiduciary/custodial duty."  *Id.* ¶ 8.

The elements of a breach of fiduciary claim are  (1) the existence of a fiduciary relationship between the parties;  (2) breach of that relationship;  and (3) a resulting injury to Plaintiff.  *Anderton v. Cawley*, 378 S.W.3d 38, 51 (Tex. App. 2012).  Texas law recognizes two types of fiduciary relationships: formal fiduciary relationships, such as attorney-client or trustee relationships, in which a fiduciary duty arises as a matter of law, and informal fiduciary relationships.  *Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 192 (S.D. Tex. 2007).  Plaintiff has failed to allege a plausible formal or informal fiduciary relationship.

The relationship between Plaintiff and the Removing Defendants is that of mortgagor, mortgagee, and mortgage servicer.[4]  Under Texas law, the mortgagor-mortgagee relationship is considered an arm's-length business relationship that does not impose any fiduciary duties.  *Williams v. Fed. Nat. Mortg. Ass'n.*, No. 2:11-cv-157-J, 2012 WL 443986, at *3 (N.D. Tex. Feb. 13, 2012); *Lovell v. W. Nat. Life Ins. Co.*, 754 S.W.2d 298, 303 (Tex. App. 1988).  Likewise, the mortgage servicer does not owe fiduciary duties to a borrower.  *Draper v. Nationstar Mortg., LLC*, No. A-13-CA-1049-55, 2014 WL 408750, at *7 (W.D. Tex. Jan. 28, 2014) ("Under Texas law, a mortgage lender or servicer generally does not owe a fiduciary duty to a borrower.") (citing *Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d at 192).  Thus, no formal fiduciary relationship arises between the Removing Defendants and Plaintiff.

---

[4] Public records in an eviction suit recorded with the Justice of the Peace Court, Precinct 3 Place 1, for Harris County, Texas, reveal that, at the time that Plaintiff's home was sold at a foreclosure sale, U.S. Bank was the mortgagee and SPS was the mortgage servicer.  U.S. Bank National Association, as Trustee for Bear Stearns Asset Backed Securities I Trust 2006-AC5, Asset Backed Certificates, Series 2006-AC5 v. Mary Gooden and All Occupants of 1139 Stevenage Lane, Channelview, TX 77530, Cause No. 193100258320 (J.P. Ct. Precinct 3, Place 1, Harris Co., Tex. 2019)

Similarly, there is no plausible basis to believe an informal fiduciary relationship arose between Plaintiff and the Removing Defendants. "To impose an informal fiduciary duty in a business transaction, the special relationship of trust and confidence must exist prior to, and apart from, the agreement made the basis of the suit." *Associated Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 288 (Tex. 1998). Plaintiff does not contend any relationship existed between herself and the Removing Defendants prior to and apart from the mortgagor-mortgagee relationship. Because Plaintiff has failed to allege any relationship with the Removing Defendants other than that of mortgagor, mortgagee, and mortgage servicer, no amendment to her pleading would establish the existence of an informal fiduciary relationship. *Id*; *Ashcroft v. Iqbal*, 556 U.S. at 678 (The [Rule 12(b)(6)] plausibility standard requires more than a sheer possibility that plaintiff could succeed on her claim.) (citations omitted).

Plaintiff's breach of fiduciary duty claim should be dismissed with prejudice because, as a matter of law, she cannot establish a required element of her breach of fiduciary duty claim—a fiduciary relationship. *See Bittinger v. Wells Fargo Bank NA*, 744 F. Supp. 2d 619, 626 (S.D. Tex. 2010) (holding leave to amend a mortgagor-mortgagee breach of fiduciary duty claim would be futile because Texas law does not recognize a fiduciary relationship between a mortgagor and mortgagee.).

      b. *Fraud*

In order to state a claim for fraud against the Removing Defendants, Plaintiff must establish the Removing Defendants (1) made a material representation; (2) that was false; (3) when the representation was made, the speaker knew of its falsity or made it recklessly without knowledge of the truth; (4) the speaker made the representation with the intent that Plaintiff should act on it; (5) Plaintiff acted in reliance on the representation; and (6) Plaintiff suffered an injury as a result.

*See Lawrence v. Fed. Home Loan Mortg. Corp.*, 808 F.3d 670, 674 (5th Cir. 2015).  Federal Rule of Civil Procedure 9(b) requires that Plaintiff allege in her Complaint, at a minimum, the particulars of time, place, and contents of the false representations, as well as the identity of the person making the representation and what was obtained as a result.  *Synergy Strategic Solutions, LLC v. Totus Solutions, Inc.*, CASE NO. 3:16-CV-2648-S, 2019 WL 1406599, at *3 (N.D. Tex. Mar. 28, 2019).  "Put simply, 9(b) requires the 'who, what, when, where, and how' of the fraud." *Id*. (quoting *United States ex rel. Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005) (quotations omitted)).

Plaintiff has failed to identify any facts that would establish any elements of a fraud claim and has failed to meet the requirements of Rule 9(b).  Although she seemingly attempts to provide additional facts in her Response to the Removing Defendants' Motion for Judgment on the pleadings, the allegations are largely nonsensical:

> Defendants are knowingly and willingly giving inequitable and misleading counsel in violation of biblical principles which is public law . . . 1) Materially misrepresentation the facts that Plaintiff received a loan, which was false, when in fact Plaintiff gave valuable consideration in the form of a "note" at closing, which would in fact amount to even exchange, not a loan, thus using legal terms to denote Plaintiff as a "Tenant" or a "Borrower" in the capacity of a surety (Proverbs 6:1-5) and if Plaintiff is a surety he has the rights of exoneration and subrogation, 2) Defendants knowingly and willingly continue making false assertions when the mortgage contract termed the Issuer of the collateral a "tenant" as if was structured for a duration of 30 years, when tomorrow is not promised to no man (Proverbs 27:1) . . . ."

Dkt. 14 ¶ 10. These additional allegations do not save her fraud claim from dismissal under a Rule 12(b)(6) or Rule 9(b) analysis.

The Removing Defendants argue that Plaintiff's fraud claim should be dismissed with prejudice because the statute of frauds bars any potential fraud claim.  While the Court recognizes that the statute of frauds likely bars any claim based on an oral representation contrary to the

mortgage or loan documents, at this stage of the proceedings, the Court cannot find that any and all fraud claims are barred as a matter of law. For example, Plaintiff alleges that "Defendant has sold Plaintiff's asset, and has not corrected the accounting to reflect the sale and securitization of Plaintiff's asset." Dkt. 1-5 at 2. Assuming this allegation to be true, Plaintiff could amend her Complaint to allege that the Removing Defendants have fraudulently retained foreclosure proceeds to which she is entitled. Therefore, Plaintiff's fraud claim should be dismissed without prejudice and she should be granted leave to file an amended pleading, to the extent she is able, alleging a fraud claim in accordance with the requirements of Federal Rules of Civil Procedure 9(b) and 11(b).

        c. *Equitable Redemption*

The doctrine of equitable redemption gives a mortgagor the opportunity to cure a default and require a conveyance of mortgaged property. In order to state a claim for equitable redemption Plaintiff must allege (1) she has a legal or equitable interest in the property subject to the mortgage; (2) she is ready, able, or willing to redeem the property in question by paying off the amount of the liens to which the property is subject; and (3) that the equity of redemption was asserted *before* a foreclosure sale occurred. *Scott v. Dorothy B. Schneider Estate Tr.*, 783 S.W.2d 26, 28 (Tex. App. 1990) (citations omitted). Plaintiff cannot, as a matter of law, bring an equitable redemption claim against any Defendant in her current lawsuit, which was filed in state court on July 31, 2019, because her home was sold in a foreclosure sale on June 4, 2019.[5] *See id.* This claim should be dismissed with prejudice because Plaintiff cannot recover on the claim as a matter of law and any

---

[5] Public records in an eviction suit recorded with the Justice of the Peace Court, Precinct 3 Place 1, for Harris County, Texas, reveal that Plaintiff's home was sold in a foreclosure sale on June 4, 2019. U.S. Bank National Association, as Trustee for Bear Stearns Asset Backed Securities I Trust 2006-AC5, Asset Backed Certificates, Series 2006-AC5 v. Mary Gooden and All Occupants of 1139 Stevenage Lane, Channelview, TX 77530, Cause No. 193100258320 (J.P. Ct. Precinct 3, Place 1, Harris Co., Tex. 2019).

amendment would be futile.  *See Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003) (denying leave to amend where a proposed amended complaint could not survive Rule 12(b)(6)); *see also Perales v. Bank of Am., N.A.*, Civil Action No. H-14-1791, 2014 WL 3907793, at \*2 (S.D. Tex. Aug. 11, 2014) (noting that denial of leave to amend may be warranted if the amended complaint would fail to state a claim upon which relief could be granted) (citations omitted).

   d.  *Separating the Collateral from the Mortgage*

  As a threshold matter, "separating the collateral from the mortgage" does not appear to be a cause of action in any state.  In their Motion for Judgment on the Pleadings, the Removing Defendants suggest that Plaintiff is attempting to bring a "split the note" claim, which is not recognized under Texas law.  Dkt. 9 ¶ 21.  The "split the note" theory provides that, in order to foreclose on a property, a party must hold both the note and the deed of trust because transferring a note without the deed of trust renders both documents null.  *Martins v. BAC Home Loans Servicing, LP*, 722 F.3d 249, 254 (5th Cir. 2013).  The Texas Supreme Court has held that the sale of a promissory note transfers to the purchaser the rights in the deed of trust regardless of whether the deed is transferred.  *Harris County Texas v. MERSCORP, Inc.*, 791 F.3d 545, 555 (5th Cir. 2015).  Therefore, if the promissory note is assigned, the new noteholder has the right to foreclose on the property regardless of whether the new noteholder possesses or is assigned the deed of trust. *Id*.  Whether Plaintiff attempts to state a claim for "separating the collateral from the mortgage" or a claim based on the "split the note" theory, she cannot succeed on either claim under Texas law. Because Texas law does not recognize either cause of action, amendment is futile.  *See Briggs v. Mississippi*, 331 F.3d at 508 (denying leave to amend where a proposed amended complaint could not survive Rule 12(b)(6)).  Therefore, the claim should be dismissed with prejudice.  *See Perales v. Bank of Am., N.A.*, 2014 WL 3907793, at \*2 ("When a plaintiff's complaint fails to state a claim,

the court should generally give the plaintiff a chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice, unless it is clear that to do so would be futile.") (citations omitted).

   e. *Undue Influence*

  Plaintiff appears to bring an "undue influence" claim against each Defendant.  To set aside an agreement on the basis of undue influence, Plaintiff must show: (1) the existence and exertion of influence; (2) the effective operation of such influence so as to subvert or overpower the mind of the property owner at the time the instrument was executed; and (3) the execution of an instrument that the property owner would not have executed but for such influence.  *Fielding v. Tullos*, NO. 09-17-00203-CV, 2018 WL 4138971, at *8 (Tex. App. Aug. 30, 2018).  As discussed with respect to the breach of fiduciary duty claim, Plaintiff does not allege any prior relationship with the Removing Defendants before the mortgage was executed.  Absent a relationship prior to the execution of the mortgage, Plaintiff cannot allege any facts demonstrating the Removing Defendants' influence overpowered her at the time of execution of the mortgage, an event which Texas law considers to be an arm's length transaction.  *See 1001 McKinney Ltd. v. Credit Suisse First Boston Mortg. Capital*, 192 S.W.2d 20, 36 (Tex. App. 2005) (noting that the mortgagor-mortgagee relationship is an arm's length transaction).  Because Plaintiff cannot allege any facts demonstrating the operation of undue influence during the arms' length mortgage transaction, amendment would be futile.  *Perales v. Bank of America, N.A.*, 2014 WL 3907793, at *2.

   f. *Injunctive Relief*

  To bring a claim for injunctive relief, Plaintiff must show: (1) a substantial likelihood she will succeed on the merits; (2) a substantial threat she will suffer irreparable injury if the injunction is denied; (3) her threatened injury outweighs the threatened harm to the Removing Defendants;

and (4) granting her preliminary injunction will not disserve public interest. *Planned Parenthood of Gulf Coast, Inc. v. Gee*, 862 F.3d 445, 457 (5th Cir. 2017). "Under Texas law, '[i]njunctive relief is simply a form of equitable remedy.'" *McLaughlin v. Wells Fargo Bank, N.A.,* No. 4:12-CV-02658, 2013 WL 5231486, at *6 (S.D. Tex. Sep. 13, 2013). Plaintiff cannot establish that she will suffer irreparable injury or is entitled to equitable relief as opposed to monetary damages.

Plaintiff's home mortgage has already been foreclosed and she does not seek injunctive relief to preclude foreclosure. Instead, she alleges that "Defendant has sold Plaintiff's asset, and has not corrected the accounting to reflect the sale and securitization of Plaintiff's asset" and that "the value and equitable interests from the sale of the note, rents, profits and proceeds were either stolen, lost, destroyed[,] or never properly applied to the asset side of the accounting ledger which would have balanced the accounting books." Dkt. 1-5 at 2; 14 ¶ 10. Thus, Plaintiff seeks monetary damages or an accounting of her mortgage account and a corresponding credit for foreclosure proceeds that were "never properly applied." An equitable accounting is proper "when the facts and accounts presented are so complex that adequate relief may not be obtained at law." *McLaughlin v. Wells Fargo Bank, N.A.,* 2013 WL 5231486, at *6 (quotations omitted). Plaintiff has presented no allegations that the facts or account at issue is complex or that she cannot obtain the accounting information she seeks through discovery. Thus, she has not set forth any facts that support an equitable claim for accounting or injunctive relief and her claim for injunctive relief is subject to dismissal. *See id.*

Allowing amendment of Plaintiff's injunctive relief claim would be futile because Plaintiff cannot show the required element of irreparable injury. If her factual allegations that the Removing Defendants have failed to properly credit her for the foreclosure are taken as true, she can be made whole through monetary damages and has not alleged an irreparable injury in this suit. Therefore,

her claim for injunctive relief should be dismissed with prejudice because, assuming her allegations to be true, no set of facts could demonstrate the required element of irreparable harm incapable of being cured by an award of monetary damages.

**IV. Timothy O'Brien's Rule 12(b)(6) Motion to Dismiss.**

Timothy O'Brien filed a Motion to Dismiss pursuant to Rule 12(b)(6), asserting the same grounds for dismissal as those asserted by the Removing Defendants in their Motion for Judgment on the Pleadings. Dkt. 12. Plaintiff has alleged the same claims against the Removing Defendants and Timothy O'Brien, who she sued in his capacity "for SPS." Dkt. 1-5. Plaintiff's allegations against Timothy O'Brien and the Removing Defendants are identical.

For the same reasons each of the claims against the Removing Defendants should be dismissed, Plaintiff's identical claims brought against "Timothy O'Brien for SPS" for breach of fiduciary duty, equitable redemption, "separating the collateral from the mortgage," undue influence, and injunctive relief should be dismissed with prejudice. Plaintiff's identical claims brought against Timothy O'Brien for fraud should, similarly, be dismissed without prejudice.

**V. Conclusion**

For these reasons, the Court **RECOMMENDS** that **Governor Abbot, Attorney General Paxton, Andrew Cecere and the Mackie Defendants** be **DISMISSED** from this suit **without prejudice** as improperly joined parties.

With respect to the Removing Defendants, **SPS and U.S. Bank**, and **Timothy O'Brien for SPS**, the Court **RECOMMENDS** that Plaintiff's claims for breach of fiduciary duty, equitable redemption, "separating the collateral from the mortgage," undue influence, and injunctive relief be **DISMISSED** with prejudice. The Court further **RECOMMENDS** that Plaintiff's claims for fraud be **DISMISSED** without prejudice, and that Plaintiff be given fourteen (14) days from the

date of any adoption of this Memorandum and Recommendation to file an amended pleading with respect to those claims.

The Clerk of the Court shall send copies of the Memorandum and Recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on January 22, 2020 at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge