United States District Court
Southern District of Texas

**ENTERED**

April 21, 2020

David J. Bradley, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| MARY GOODEN, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | |
| § | |
| L. KELLER MACKIE, BRANDON WOLF, § | |
| MICHAEL W. ZIENTZ, LESLIE N. MANN FOR § | |
| MACKIE WOLF ZIENTZ & MANN, P.C. AS § | |
| DEBT COLLECTORS; TIMOTHY O'BRIEN FOR § | |
| SELECT PORTFOLIO SERVICING, INC. AS § | |
| DEBT COLLECTORS; ANDREW CECERE FOR § | |
| U.S. BANK NATIONAL ASSOCIATION AS § | CIVIL ACTION NO. 4:19-CV-02948 |
| TRUSTEE FOR CERTIFICATEHOLDERS OF § | |
| BEAR STERNS ASSET BACKED § | |
| CERTIFICATES, SERIES 2006-AC5; § | |
| GREG ABBOTT, IN ONE'S CAPACITY AS § | |
| GOVERNOR OF TEXAS; KEN PAXTON, IN § | |
| ONE'S CAPACITY AS ATTORNEY GENERAL § | |
| OF TEXAS/ALIEN PROPERTY CUSTODIAN; § | |
| ALL JOHN & JANE DOE'S (1-99) § | |
| AS INTERESTED PARTIES/CUSTODIANS/ § | |
| NOMINEE(S) AND/OR SUCCESSORS AND § | |
| ASSIGNS, § | |
| § | |
| *Defendants.* § | |

## <u>MEMORANDUM AND RECOMMENDATION</u>

Before the Court is L. Keller Mackie, Brandon Wolf, Michael W. Zietnz, and Leslie N. Mann for Mackie Wolf Zientz & Mann, P.C.'s (collectively, the "Mackie Defendants") Motion to Strike and Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 26) and Select Portfolio Servicing, Inc. ("SPS"), U.S. Bank National Association ("U.S. Bank"), and Timothy O'Brien's Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 27).  Having considered the pleadings, the filings, and the law, the Court **RECOMMENDS** the Mackie Defendants' Motion to Strike be **GRANTED** and the Mackie Defendants' Motion to Dismiss be **DENIED as moot**.  It is further

1

**RECOMMENDED** that O'Brien, SPS, and U.S. Bank's Motion to Dismiss be **GRANTED** and all of Plaintiff's claims against all Defendants be **DISMISSED with prejudice**.

**I. Background**

This case involves claims arising from the foreclosure of Plaintiff's residential mortgage. Dkt. 9 ¶ 1. Plaintiff, acting *pro se*, commenced this action by filing the "Amended Original Petition and Application for Restraining Order and Temporary Injunction" in the 157th Judicial District for Harris County. Dkt. 1-5. Plaintiff's Amended Original Petition alleges claims for breach of trust, breach of fiduciary duty, "clogging Plaintiff's right to equitable redemption," undue influence, fraud by bad faith, and "separating the collateral from the mortgage." *Id*. at 3. Defendants SPS and U.S. Bank removed Plaintiff's case to federal court alleging diversity jurisdiction, arguing that all non-diverse Defendants had been improperly joined and, therefore, were irrelevant for purposes of assessing federal jurisdiction. Dkt. 1.

This Court entered a Show Cause Order requiring SPS and U.S. Bank to specify the citizenship of each Defendant, to which they provided the following allegations of citizenship:

| Party | Citizenship |
|---|---|
| Plaintiff Mary Gooden | Texas |
| The Mackie Defendants | Texas |
| Defendant Governor Abbott | Texas |
| Defendant Attorney General Paxton | Texas |
| Defendant SPS | Utah |
| Defendant U.S. Bank | Ohio |
| Defendant O'Brien | Utah |
| Defendant Cecere | Upon information and belief, "not a resident of Texas." |

Dkt. 19 at 2-3. SPS and U.S. Bank contended that all Texas resident Defendants were improperly joined. *Id*. at 2-5. This Court, finding the Texas resident Defendants were improperly joined, recommended the Mackie Defendants, Governor Abbott, Attorney General Paxton, and Andrew Cecere be dismissed from the suit as improperly joined parties. Dkt. 23 at 20. The Court further

recommended that Plaintiff's claims for breach of fiduciary duty, equitable redemption, "separating the collateral from the mortgage," undue influence, and injunctive relief be dismissed with prejudice.  *Id*.  With respect to Plaintiff's remaining fraud claim, the Court recommended Plaintiff be given leave to amend her fraud claims as to SPS and U.S. Bank within fourteen days of any adoption of the Court's Memorandum and Recommendation.  *Id*. at 20-21.

Plaintiff filed an "Amended Complaint Based Upon Objections to Memorandum and Recommendations" ("Amended Complaint") on February 6, 2020.  Dkt. 24.  Chief District Court Judge Lee Rosenthal adopted the Memorandum and Recommendation on February 13, 2020, noting Plaintiff had filed an Amended Complaint and that motions to dismiss the Amended Complaint would be "covered by the referral to Judge Bryan for memorandum and recommendation on resolution."  Dkt. 25.

The Mackie Defendants, who along with Governor Abbott, Attorney General Paxton, and Andrew Cecere, were dismissed as improperly joined by Judge Rosenthal's Order adopting the Memorandum and Recommendation on February 13, have filed a Motion to Strike and Motion to Dismiss Plaintiff's Amended Complaint.  Dkt. 26.  Defendants SPS, U.S. Bank, and O'Brien, against whom all claims were dismissed with prejudice by the adoption of the Memorandum and Recommendation—with the exception of the fraud claim for which Plaintiff was granted leave to amend—have filed a Motion to Dismiss Plaintiff's Amended Complaint.  Dkt. 27.  Plaintiff failed to file a timely response to either Motion.[1]

---

[1] Failure to respond to a motion will be taken as a representation of no opposition.  S.D Tex Local Rule 7.4.  It is improper to dismiss an action merely based on lack of response and the Court must carefully consider the merits of an unanswered motion.  *Msefva-Mateka v. Epic Health Services, Inc.*, Civil Action No. H-15-1716, 2016 WL 4257315, at *2 n. 18 (S.D. Tex. July 15, 2016) (citations omitted).

## II.  Analysis

### A.  The Mackie Defendants, Governor Abbott, Attorney General Paxton, and Andrew Cecere

The Memorandum and Recommendation recommended that Governor Abbott, Attorney General Paxton, Andrew Cecere, and the Mackie Defendants be dismissed from this suit without prejudice as improperly joined parties.  Dkt. 23 at 20.  Chief Judge Rosenthal adopted the Memorandum and Recommendation and dismissed all claims against the improperly joined Defendants.  Dkt. 25.  As a result, the improperly joined defendants are no longer parties to this case.  Plaintiff's attempt to amend any claims against the defendants who were dismissed as improperly joined exceeds the granted scope of leave to amend and the Amended Complaint should be struck as to the improperly joined defendants.  *See Clapper v. Am. Realty Investors, Inc.*, Civil Action No. 3:14-CV-2970-L, 2019 WL 5865709, at *9 (N.D. Tex. Nov. 7, 2019) (citations omitted) (striking portions of amended complaint that exceeded the scope of leave to amend granted by the court); *Brackens v. Ocwen Loan Servicing, LLC*, Civil Action No. 3:13-CV-3458-L, 2015 WL 1808541, at *3 (N.D. Tex. Apr. 21, 2015) (striking causes of action from the amended complaint *sua sponte* where the amendment exceeded the scope of the court's order granting leave to amend).  Therefore, the Court recommends that the Mackie Defendants' Motion to Strike be granted and that the Court strike the Amended Complaint as to all improperly joined defendants.

### B.  SPS, U.S. Bank, and O'Brien

By adoption of the Memorandum and Recommendation, Judge Rosenthal granted Plaintiff leave to amend her Complaint only with respect to her fraud claims against SPS, U.S. Bank, and O'Brien.  Dkt. 25.  Plaintiff's Amended Complaint purports to amend other claims that were previously dismissed with prejudice.  To the extent the Amended Complaint exceeds the scope of

Judge Rosenthal's Order by amending claims other than the fraud claim, the amendments should be struck. *See Brackens v. Ocwen Loan Servicing, LLC*, 2015 WL 1808541, at *3.

As Judge Rosenthal noted in her February 13 Order, the only remaining claim in the lawsuit is the fraud claim against SPS, U.S. Bank, and O'Brien, which Judge Rosenthal granted Plaintiff leave to amend. Dkt. 25. SPS, U.S. Bank, and O'Brien now move to dismiss the case, arguing again that Plaintiff's amended fraud claim fails to meet the requirements of Rule 9(b) and cannot survive a Rule 12(b)(6) motion to dismiss. Dkt. 27.

Federal Rule of Civil Procedure 9(b) requires, with respect to a fraud claim, that Plaintiff allege in her Complaint the particulars of time, place, and contents of the false representations as well as the identity of the person making the representation and what was obtained as a result. *Synergy Strategic Solutions, LLC v. Totus Solutions, Inc.*, Case No. 3:16-CV-2648-S, 2019 WL 1406599, at 3 (N.D. Tex. Mar. 28, 2019). "Put simply, 9(b) requires the 'who, what, when, where, and how' of the fraud." *Id.* (quoting *U.S. ex rel. Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005) (quotations omitted)). Plaintiff's Amended Complaint is deficient with respect to her fraud claim for the same reasons discussed in this Court's prior Memorandum and Recommendation. Although Plaintiff attempts to provide additional facts in her Amended Complaint, those facts are largely non-sensical and fail to establish any element of a fraud claim.[2] For example, Plaintiff alleges that

> US BANK failed to (1) perform set off duties after interests were secured by the right to sell the note, right to a vendor's lien, right to indemnification by insurance, and the retention of the proceeds from the sale of the asset (2) apply the sale proceeds from the note to the liability of plaintiff and reflect a[n] accounting of such in the balance due (3) inform plaintiff that her note would be invested due to

---

[2] The elements of fraud are: (1) a material representation; (2) that was false; (3) when the representation was made, the speaker knew of its falsity or made it recklessly without knowledge of the truth; (4) the speaker made the representation with the intent that Plaintiff should act on it; (5) Plaintiff acted in reliance on the representation; and (6) Plaintiff suffered an injury as a result. *See Lawrence v. Fed. Home Loan Mortg. Corp.*, 808 F.3d 670, 674 (5th Cir. 2015).

> its dual nature as a financial asset able to be collateralized in the amount of $265,037,284 as of April 4 2019, which in turn all resulted in harm to the plaintiff (i) from US Bank using plaintiff['s] asset to buy the property they sold to themselves and (ii) investing plaintiff's asset to secure their interest, but not secure plaintiff's entitlements.

Dkt. 24 at 3.  Regarding SPS and O'Brien, Plaintiff's Amended Complaint includes a "claim" against them for

> repledging of the note with agents SPS's responsible party Timothy O'Brien seemingly engaging in deceptive business practices by contractually diminishing plaintiff['s] superior equitable claim as a grantor in favor of his suretyship after interests were secured by the right to sell the note, right to a vendor's lien, right to indemnification by insurance rent payments covering payments to investors, use of collateral before default, all resulted in harm to the plaintiff in the amount of $265,037,284.

*Id.* at 4.  Despite the opportunity to amend her fraud claims against SPS, U.S. Bank, and O'Brien, Plaintiff has failed to articulate any facts which, taken as true, establish any of the elements of a fraud claim.  As a result, Plaintiff has failed to meet her burden to plead her fraud claim with particularity as required by Rule 9(b).  Plaintiff's Amended Complaint fails to state a claim for fraud upon which relief can be granted and, therefore, the only remaining claim against SPS, U.S. Bank, and O'Brien, should be dismissed with prejudice.  *See Reece v. Chubb Lloyds Ins. Co. of Texas*, Civil Action No. H-11-507, 2011 WL 841430, at *1 (S.D. Tex. Mar. 8, 2011) (granting the defendant's motion to dismiss pursuant to Rule 12(b)(6) where the plaintiffs failed to plead their fraud claim with particularity as required by Rule 9(b)).

**III. Conclusion**

For these reasons, the Court **RECOMMENDS** that SPS, U.S. Bank, and O'Brien's Motion to Dismiss Plaintiff's Amended Complaint be **GRANTED** and that all claims remaining against them be **DISMISSED with prejudice**.  It is further **RECOMMENDED** that the Mackie Defendants' Motion to Strike be **GRANTED** and that the Amended Complaint be struck as to all

claims against all improperly joined Defendants.  It is further **RECOMMENDED** that the Mackie Defendants' Motion to Dismiss be **DENIED as moot**.

The Clerk of Court shall send copies of the Memorandum and Recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on April 21, 2020 at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge